Brian D. Siff
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Telephone: (212) 692-1055
Fax:  (212) 208-2430
bdsiff@duanemorris.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTIAN CHARLES, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 1:18-cv-01196-AJN-HBP |
| JERRY SEINFELD, COLUMBUS 81<br>PRODUCTIONS, INC., EMBASSY ROW, LLC,<br>COMEDIANS IN CARS, LLC., SONY PICTURES<br>TELEVISION INC., NETFLIX, INC., | : Honorable Judge Alison J. Nathan<br>:<br>: Honorable Magistrate Henry B. Pitman<br>: |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE
OF COURT TO WITHDRAW AS ATTORNEYS OF RECORD FOR PLAINTIFF**

Duane Morris LLP ("DM") relies upon the facts set forth in the Affidavit of Brian D.

Siff, Esquire submitted herewith as if same were set forth at length hereafter.

**LEGAL ARGUMENT**

In accordance with Local Civil Rule 1.4, an attorney may withdraw from a case only by

Order of the Court and upon a showing by Affidavit of satisfactory reasons for withdrawal and

after consideration of the posture of the case, including its position on the calendar.  Spadola v.

New York City Transit Authority, No. 00 CIV. 3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16,

2002).  Thus, when considering whether to grant a motion for leave of Court to withdraw as

attorney of record, the Court must analyze two factors: (1) the reasons for withdrawal; and (2) the impact of the withdrawal on the timing of the proceeding.  Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08 CIV. 6469, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

**I.      SATISFACTORY REASONS EXIST FOR PERMITTING DM TO WITHDRAW AS ATTORNEYS OF RECORD FOR PLAINTIFF**

Although there is no definitive standard for what constitutes a "satisfactory reason" for allowing a withdrawal, Ashmore v. CGI Group, Inc., No. 11 CIV. 8611, 2013 WL 5863569, at *1 (S.D.N.Y. Oct. 30, 2013), the Rules of Professional Conduct provide guidance for the Court as to what constitutes a "satisfactory reason" to grant leave of Court to withdraw as counsel. Whiting v. Lacara , 187 F.3d 217, 321 (2d Cir. 1999).  DM has learned that professional considerations require the firm to withdraw due to a concurrent conflict of interest.  Therefore, in accordance with the requirements of Rule of Professional Conduct 1.16(b)(1), and the first factor set forth in Local Civil Rule 1.4, DM has presented the Court with a satisfactory reason to allow DM to withdraw as attorneys of record for Plaintiff in this matter.  Whiting v. Lacara, 187 F.3d at 321.

**II.     THE WITHDRAWAL BY DM WILL NOT IN AND OF ITSELF UNNECESSARILY DELAY THE PROCEEDINGS**

In accordance with RPC 1.16(b)(1), and with respect to the second factor to be analyzed in accordance with Local Civil Rule 1.4, DM's withdrawal as attorneys of record for Plaintiff can be accomplished without material adverse effect on the interests of Plaintiff or the timing of this proceeding.  With the re-filing of the Amended Complaint on June 22, 2018, the litigation has essentially just commenced.  Defendants have not yet filed an Answer to the Amended Complaint.  The Initial Case Management Conference is scheduled for September 25, 2018, with the Report of Rule 26(f) Meeting and Proposed Case Management Plan due by September 18, 2018.  Thus, DM's withdrawal as counsel for Plaintiff will not have a material adverse effect on

the timing of this proceeding.  Battino v. Cornelia Fifth Ave., LLC, No. 09 CIV. 04113, 2013 WL 4779635, at *2 (S.D.N.Y. June 26, 2013); Blue Angel Films, Ltd. v. First Look Studios, Inc., 2011 WL 672245, at *2-3; and Whiting, 187 F.3d at 321.  In accordance with RPC 1.16(d), DM has given Plaintiff notice of the concurrent conflict of interest and the need of DM to file a motion for leave of Court to withdraw as attorneys of record, but reasonably practicable steps have been taken to protect Plaintiff's interests.  Those steps include obtaining relevant registrations with the U.S. Copyright Office, and the preparation and filing of the Amended Complaint in response to Defendants' Motion to Dismiss.  Additionally, as noted above, there are approximately three (3) months before the Initial Case Management Conference is scheduled to take place and submission of the Report of Rule 26(f) Meeting and Proposed Case Management Plan, giving Plaintiff at least a couple of months to obtain substitute counsel (assuming Plaintiff does not decide once again to proceed *pro se*).  Further, DM fully intends to surrender all papers and property in its possession to which the Plaintiff is entitled and DM will not assert a common law retaining or charging lien.  Spadola v. New York City Transit Authority, 2002 WL 59423, at *1.

## CONCLUSION

For all the reasons set forth above, and in accordance with Rules of Professional Conduct 1.16(b)(1) and Local Civil Rule 1.4, leave of Court should be granted permitting DM to withdraw as attorneys of record for Plaintiff in connection with the above-captioned litigation.

Dated:  June 28, 2018

                                      Respectfully submitted,

                                      DUANE MORRIS LLP
                                      By:  /s/ Brian D. Siff
                                      Brian D. Siff
                                      1540 Broadway
                                      New York, New York 10036-4086
                                      Tel: (212) 692-1000
                                      Fax: (212) 692-1020

                                      Attorney for Plaintiff

DM2\8975184.1

4