# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

October 18, 2018

<u>VIA ECF</u>

The Honorable Alison J. Nathan
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:   <u>Christian Charles v. Jerry Seinfeld, et al.</u>, 18-CV-01196 (AJN) (KHP)

Dear Judge Nathan:

We respectfully submit this letter on behalf of Defendants in the above-captioned matter. We write to respectfully request that the Court strike Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opposition") and direct Plaintiff to re-submit the Opposition in accordance with the Court's Individual Practices in Civil Cases ("Individual Practices").

Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, Dkt. No. 79, violates Rule 3.B. of the Court's Individual Practices, which provides that, "[u]nless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages . . . ." Plaintiff's memorandum of law is 40 pages, which is 15 pages in excess of the Court's page limits. No longer proceeding *pro se*, Plaintiff is represented by experienced counsel and no good cause exists to excuse a violation of the Court's page limits. Plaintiff has not requested prior permission to exceed the Court's page limits and the issues in this case are straightforward and do not justify voluminous briefing.

Plaintiff also impermissibly attaches seven affidavits and declarations to his Opposition. Defendants reserve their right to move to strike those affidavits and declarations. *See Wachtel v. Nat'l R.R. Passenger Corp.*, 2012 WL 292352, at *2 (S.D.N.Y. Jan. 30, 2012) ("While Plaintiff attached an affidavit to his opposition brief in an attempt to support his argument, the Court cannot consider affidavits in ruling on a motion to dismiss.").

Defendants and the Court should not be burdened with reviewing and responding to Plaintiff's excessive and non-compliant filing. Plaintiff has now filed three separate complaints and Defendants have had to file three motions to dismiss this ill-fated and objectively unreasonable case. Plaintiff should be required to file an Opposition that comports with the Court's Individual Practices. Defendants respectfully request that the

GIBSON DUNN

October 18, 2018
Page 2


Court strike Plaintiff's Opposition to Defendants' Motion to Dismiss and direct Plaintiff to re-submit the Opposition in accordance with the Court's Individual Practices. Should the Court direct Plaintiff to re-submit the Opposition, Defendants request that the Court extend Defendants' deadline accordingly to reply.

We thank the Court for its kind consideration of this matter.

Respectfully,

/s/ Orin Snyder

Orin Snyder

cc: All Counsel of Record (via ECF)