GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

November 12, 2018

VIA ECF

The Honorable Alison J. Nathan
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:   Christian Charles v. Jerry Seinfeld, et al., 18-CV-01196 (AJN) (KHP)

Dear Judge Nathan:

We respectfully submit this letter on behalf of Defendants in response to Plaintiff's letter to the Court, dated November 11, 2018, Dkt. No. 91. We regret burdening the Court with additional correspondence, but Plaintiff continues to make applications to the Court that have no basis in law or fact. The Court should deny Plaintiff's latest request, which asks the Court to strike "Point V" in Defendants' Reply Memorandum of Law ("Reply"), dated November 9, 2018, Dkt. No. 90.

In Point V of the Reply, Defendants argue that the Court should not consider the declarations and affidavits Plaintiff impermissibly attached to his opposition brief. Reply at 10. Plaintiff asks that Point V be stricken because "Defendants ignored both their own 'reservation [of rights]' and the Court's Order." Dkt. No. 91. He says that it was his understanding that an argument concerning the declarations and affidavits could only be raised by Defendants in a motion to strike and, as a result, only provided a concise justification for including the declarations and affidavits in his opposition brief. *Id*. Seeking another bite at the apple, Plaintiff argues—without citing a single case—that only a fully briefed motion to strike is necessary to address the arguments raised in Defendants' Reply. Plaintiff's arguments are wrong on every count.

First, Plaintiff mistakenly argues that Defendants should have brought a motion to strike the declarations and affidavits. It is black letter law that a motion to strike is not the proper means to strike motion papers, declarations, or affidavits pursuant to Federal Rule of Civil Procedure 12(f) because those are not *pleadings* as defined by Federal Rule of Civil Procedure 7(a). *See Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 334–35 (S.D.N.Y. 2008) ("[A]ll of Plaintiff's motions to strike are improper because Federal Rule of Civil Procedure 12(f) . . . allows a court to strike pleadings only. Motions, *declarations and*

November 12, 2018
Page 2

*affidavits* are not pleadings.") (citations omitted) (emphasis added); *Sierra v. United States*, 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998) (denying plaintiff's motion to strike defendant's motion to dismiss because a motion is not a pleading).

Second, Plaintiff misconstrues the reservation of rights in Defendants' October 18, 2018 letter requesting that the Court strike Plaintiff's 40-page opposition brief. Dkt. No. 80. Defendants' reservation of rights was meant to notify the Plaintiff and the Court that Defendants intended to challenge Plaintiff's "impermissibl[e]" declarations and affidavits if Plaintiff included them with any re-filed opposition brief. Plaintiff also misconstrues the Court's Order granting Defendants' motion to strike the 40-page brief as somehow creating a requirement that a motion to strike was the procedural vehicle to challenge the declarations and affidavits. In fact, the Court noted that "it will address any timely filed motions to strike *as needed*." Dkt. No. 82 (emphasis added). Here, a motion to strike is not "needed"—or proper.

Third, a reply brief—and not a motion to strike—is the proper place to ask a court not to consider declarations and affidavits attached to an opposition brief on a motion to dismiss. For example, Defendants' Reply cites two cases in which this Court has declined to consider affidavits attached to an opposition brief after the defendants raised the issue in their reply brief—not in a standalone motion to strike. In *Andrews v. Sony/ATV Music Publ'g*, the plaintiffs submitted an affidavit with their opposition to the motion to dismiss. 2017 WL 770614, at *3 (S.D.N.Y. Feb. 24, 2017) (Nathan, J.). In their reply brief, the defendants argued that the affidavit should not be considered because it "place[s] extraneous and irrelevant purported facts before the Court." *Andrews*, 15-CV-7544 (AJN), Dkt. No. 60 at 10. No standalone motion to strike was filed. In granting the motion to dismiss, this Court held that, "[a]bsent a conversion [of the motion to dismiss into one for summary judgment], it would be inappropriate for the Court to consider the Andrews Affidavit, which asserts facts not alleged in the SAC, in resolving Defendants' motion. And, accordingly, it does not." *Andrews*, 2017 WL 770614, at *3. The same sequence occurred in *Guan N. v. NYC Dep't of Educ.*, 2014 WL 1275487, at *20 n.4 (S.D.N.Y. Mar. 24, 2014) (Nathan, J.). In both cases, the defendants asked this Court in their reply briefs not to consider the affidavits—no motions to strike were required. This is standard practice in this Circuit. *See, e.g.*, *Gorfinkel v. Ralf Vayntrub, Invar Consulting Ltd.*, 2014 WL 4175914, at *3–4 (E.D.N.Y. Aug. 20, 2014); *Wachtel v. Nat'l R.R. Passenger Corp.*, 2012 WL 292352, at *2 (S.D.N.Y. Jan. 30, 2012).

Plaintiff cites no cases to support striking Defendants' Reply Point V because there are none. *See Kuehne & Nagel Inc. v. A.G.R. Eshcol Overseas, Ltd.*, 2014 WL 4059821, at *4 (S.D.N.Y. Aug. 15, 2014) (denying plaintiff's motion to strike portions of the reply brief because "reply papers may properly address new material issues raised in the opposition

GIBSON DUNN

November 12, 2018
Page 3

papers so as to avoid giving unfair advantage to the answering party") (citation omitted).  Plaintiff had notice that Defendants intended to challenge the declarations and affidavits, *see* Dkt. No. 80, and declined to withdraw them before re-filing his opposition brief.  In his opposition brief, Plaintiff attempted to justify attaching the declarations and affidavits by arguing that "[a]ll of the declarations and exhibits submitted consist of evidence plaintiff relied upon in framing the Second Amended Complaint and are integral to it" and cited cases in support of the Court considering them.  Memorandum in Opposition to Motion to Dismiss ("Opp.") at 3 n.1.  In response, Defendants argued in the Reply that the declarations and affidavits "overwhelmingly assert facts not alleged in the SAC" and cited cases holding that it would be inappropriate for the Court to consider them.  Reply at 10.  Defendants could not make this argument in their opening brief because the declarations and affidavits were not attached to the Second Amended Complaint.  And Defendants could not make this argument in a motion to strike because doing so would be improper.  *See Granger*, 566 F. Supp. 2d at 334–35.

The propriety of considering the declarations and affidavits on a motion to dismiss is squarely before the Court.  *Compare* Opp. at 3 n.1, *with* Reply at 10.  If Plaintiff has additional arguments he wishes to make in support of his position, he can make them at oral argument.  There is no basis to strike Defendants' Reply Point V or to require Defendants to file a motion to strike.  The Court should deny Plaintiff's request.

We thank the Court for its kind consideration of this matter.

Respectfully,

/s/ Orin Snyder

Orin Snyder

cc: All Counsel of Record (via ECF)