

October 23, 2019

Honorable Alison J. Nathan
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

      Re:  *Charles v. Seinfeld, et al.*; **Docket No. 18-CV-1196 (AJN)(KHP)**

Dear Judge Nathan:

In response to a single sentence in a bare-bones letter advising the Court of an *intent* to request a stay of defendants' motion for fees [Docket #113], Defendants have discharged a fusillade of outdated case law.[1] A more recent Second Circuit case on this issue is *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220 (2d Cir. 2004), noting the district court has wide discretion ruling on a motion for fees while an appeal is pending. Like defendants here, the *Tancredi* Court cited the 1993 Advisory Committee notes to *Rule 54(d)*, but to the Committee's explanation that "if an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision *(d)(2)(B)* a new period for filing after the appeal has been resolved." *Tancredi*, 378 F.3d at 225 (quoting Fed. R. Civ. P. 54(d) 1993 Advisory Committee's note).

Because of that discretion, there is ample recent S.D.N.Y. precedent to support a decision either deferring a ruling on defendants' fee motion, or denying the motion without prejudice until the Second Circuit rules on the pending appeal. Among the reasons the S.D.N.Y. has given for deferring or denying a motion for fees are (i) doing so ensures the Court has to address only the motion by the party that ultimately prevails (*Apex Employee Wellness Services, Inc. v. APS Healthcare Bethesda, Inc.*, 2017 U.S. Dist. LEXIS 14254 (S.D.N.Y. Feb. 1, 2017)); (ii) that immediately ruling on the motion is unlikely to assist the Court of Appeals (*id.*); and (iii) that the parties have not yet fully briefed whether the requested fees are reasonable (*Matsumura v. Benihana Nat'l Corp.*, 2014 U.S. Dist. LEXIS 54404 (S.D.N.Y. April 18, 2014)).

Unquestionably, the district court retains jurisdiction over collateral matters – including claims for attorney's fees – while an appeal is pending in the Second Circuit. *Tancredi*, 378 F.3d at 225. Understandably, this Court might prefer to await the Second Circuit's ruling on appeal to minimize the possibility it goes to the trouble of ruling on defendants' motion for fees -- including the burdensome task of analyzing the reasonableness of fees – only to be required to repeat the entire

---

[1]     Defendants rely primarily on *Weyant v. Okst*, 198 F.3d 311 (2d Cir. 1999), and to a lesser extent on *Mendes Junior Int'l Co. v. Banco do Brasil, S.A.*, 215 F.3d 306 (2d Cir. 2000) and *Loss Prevention Works, LLC v. Mar. Networks*, a 2011 case that merely cites *Weyant*.

Honorable Alison J. Nathan  October 24, 2019
Pg. 2

process if the plaintiff prevails on appeal, or if defendants seek additional fees incurred during the pendency of the appeal. It was this reasoning the S.D.N.Y. applied to defer a ruling on a motion for fees in *Apex Emple. Wellness Servs. v. APS Healthcare Bethesda, Inc.*, 2017 U.S. Dist. LEXIS 14254 (S.D.N.Y. Feb. 1, 2017). There, the Court said, "Indeed, Courts in this Circuit *regularly defer the award of attorneys' fees or deny the motion without prejudice pending the resolution of an appeal on the merits*. Deferring a ruling on Plaintiff's motion for attorneys' fees until the Second Circuit resolves Defendant's appeal *ensures that this Court only has to address the motion for attorneys' fees by the party that ultimately prevails.*" *Id.* at *34 (emphasis added; internal citations omitted).

Defendants' inclusive opposition to my concise October 23 letter had characteristics of a brief in opposition to a motion that was not made. While this response is more substantive than my terse October 23 notice of intent, I renew my request that the Court advise the parties how it prefers to proceed before the record is cluttered with additional correspondence.

Respectfully submitted,

s/s Peter L. Skolnik, Esq.
    Peter L. Skolnik (PLS 4876)
    *Attorney for Christian Charles*

cc:    Orin Snyder, Esq. (via ECF)