UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTIAN CHARLES,

              Plaintiff,

   v.

JERRY SEINFELD, COLUMBUS 81
PRODUCTIONS, INC., EMBASSY ROW, LLC,
COMEDIANS IN CARS, LLC, SONY PICTURES
TELEVISION INC., and NETFLIX, INC.,

              Defendants.

No. 18 Civ. 01196 (AJN) (KHP)

---

## DECLARATION OF DAVID M. KUSNETZ

I, DAVID KUSNETZ, hereby declare under penalty of perjury pursuant to 28 U.S.C.

§ 1746 that the following is true and correct:

1.      I am an attorney duly admitted to practice in the State of New York, a member of

the Bar of this Court, and an associate at the law firm of Gibson, Dunn & Crutcher LLP ("Gibson

Dunn"), counsel to Jerry Seinfeld, Columbus 81 Productions, Inc., Comedians in Cars, LLC

(collectively, the "Seinfeld Defendants"), Embassy Row, LLC, Sony Pictures Television Inc.,

and Netflix, Inc. (collectively, "Defendants").  I respectfully submit this Declaration in support

of the Seinfeld Defendants' Motion for Attorneys' Fees and Costs (the "Motion") pursuant to

Section 505 of the Copyright Act and Federal Rule of Civil Procedure 54.  I have personal

knowledge of the information set forth herein based on my direct involvement in the matters at

issue and upon my review of the documents referenced below.

1

## A.     DOCUMENTS IN SUPPORT OF THIS MOTION

2.      Attached hereto as Exhibit A is a true and correct copy of an email sent from Jay Cooper to Plaintiff Christian Charles at 4:27 p.m. on January 10, 2018, with the subject line "RE: NOTICE TO JERRY SEINFELD – COMEDIANS IN CARS GETTING COFFEE."

3.      Attached hereto as Exhibit B is a true and correct copy of a letter sent from Orin Snyder to Plaintiff Christian Charles on March 1, 2018, with the subject line "Dismissal of Your Frivolous Lawsuit."

4.      Attached hereto as Exhibit C is a true and correct copy of an email chain between Peter L. Skolnik and Orin Snyder containing four emails, dated August 12, August 14, and August 15, 2018, with the subject line "Charles v. Seinfeld, et al.," in which the last-in-time email was sent from Mr. Snyder to Mr. Skolnik at 1:27 p.m. on August 15, 2018.

## B.     THE SEINFELD DEFENDANTS' ATTORNEYS' FEES AND COSTS

5.      On September 30, 2019, the Court granted Defendants' motion to dismiss Plaintiff's Second Amended Complaint.  The federal claims were dismissed with prejudice and the state law claims were dismissed without prejudice.  *Charles v. Seinfeld, et al.*, No. 18-CV-1196 (AJN) (S.D.N.Y. Sept. 30, 2019) (Dkt. No. 106) [hereinafter "Order"].

6.      On October 1, 2019, the Clerk of Court entered Judgment for Defendants on the docket.  Dkt. No. 108.

7.      Pursuant to an agreement between the Seinfeld Defendants and Sony Pictures Television Inc., Embassy Row, LLC, and Netflix, Inc., the Seinfeld Defendants were responsible for paying all of the Defendants' attorneys' fees and costs in this action.

8.      The Seinfeld Defendants moved this Court for an award of $616,864.30 in attorneys' fees and costs on October 15, 2019.  *See* Dkt. No. 109.  This amount consisted of $562,974.35 in fees for 728.3 hours of work performed by Gibson Dunn attorneys and litigation

support staff, and $53,889.95 in costs incurred by Gibson Dunn on behalf of the Seinfeld

Defendants. *Id*.

9.      The next day, Plaintiff submitted a notice of appeal from this Court's judgment.

*See* Dkt. No. 112.  On November 20, 2019, this Court denied the Seinfeld Defendants' motion

for attorneys' fees and costs without prejudice, finding that "the expedited briefing schedule set

by the Second Circuit would not leave [Plaintiff's] counsel enough time to brief the fees issue . .

. [and] that the content of a fees motion may be altered depending on the outcome and reasoning

of the Second Circuit's opinion." Dkt. No. 120 at 1.  This Court ordered that, in the event its

decision "is affirmed, then Defendants' renewed fees motion shall be due 14 days after the

issuance of the Second Circuit's mandate." *Id*.

10.      On May 7, 2020, one week after hearing oral argument, the Second Circuit

summarily affirmed this Court's judgment.  *See Charles v. Seinfeld*, No. 19-3335 (2d Cir. May 7,

2020) (summary order).  Plaintiff filed a petition for rehearing on May 21, 2020, which the

Second Circuit denied on June 10, 2020.  *Charles*, No. 19-3335, at Dkt. No. 101.  On June 18,

2020, the Second Circuit issued its mandate.  *Charles*, No. 19-3335, at Dkt. No. 102.

11.      Defendants are the prevailing parties in this copyright action because their motion

to dismiss was granted and affirmed on appeal.

12.      While the Seinfeld Defendants submit that Gibson Dunn's hourly rates are

reasonable and in line with the market, to avoid any disputes and mindful of the fact that this

Court often reduces fee requests to ensure reasonableness, the Seinfeld Defendants are only

requesting an award of 75% of Gibson Dunn's standard hourly rates.  This reduced rate will be

referred to as the "claimed rate."

13.     As prevailing parties in this copyright action, the Seinfeld Defendants move this

Court for an award of $940,502.23, representing $845,693.63 of attorneys' fees and $94,808.60

of costs that the Seinfeld Defendants reasonably expended in this action.  True and correct copies

of the invoices issued by Gibson Dunn are attached hereto as Exhibit D.

14.     The Seinfeld Defendants intend to submit a supplemental declaration identifying

and substantiating additional attorneys' fees and costs associated with briefing this Motion with

their reply.

15.     Gibson Dunn's contemporaneous monthly time records describe the work

performed on this matter by Gibson Dunn attorneys and litigation support staff.  These records

identify the hourly fees accrued in connection with this litigation and, for each entry, specify the

date, the hours expended, and the nature of the work done.  In those records, each timekeeper

recorded his or her time contemporaneously in tenths of hours and provided a detailed

description of the services rendered.

16.     As is set forth in detail in Gibson Dunn's contemporaneous monthly time records,

Gibson Dunn attorneys have billed the Seinfeld Defendants for their work in connection with this

action on an hourly basis.  Those time records are summarized by individual, the rate charged,

and the total fees charged in the billing summary attached hereto as Exhibit E.  The primary

attorneys who billed time on this matter are identified below, along with their experience, hourly

rates, and involvement in this matter.  The work performed by others, including paralegals and

other support staff who worked under supervision by the primary attorneys is detailed in the

invoices attached as Exhibit D.  The necessary costs described herein are also set forth in detail

in those contemporaneous monthly time records.  All of the costs that the Seinfeld Defendants

are seeking to recover are set forth in the costs summary attached hereto as Exhibit F.

17.     The primary team of attorneys at Gibson Dunn representing Defendants consisted of partner Orin Snyder and myself.  On appeal, Mr. Snyder and I were assisted by Matthew McGill, an appellate specialist, who assisted with drafting Defendants' appellate brief and oral argument preparation.  Mr. Snyder, Mr. McGill, and I are members in good standing of the New York Bar and members of the Bar of this Court.  I briefly summarize our experience, hourly rates, and involvement with the case.  Attached hereto as Exhibit G are true and correct copies of our biographies from Gibson Dunn's website.  The work performed by other individuals on this matter, including paralegals and other support staff that were supervised by the primary attorneys, is detailed in the invoices attached as Exhibit D.

18.     Orin Snyder is the supervising partner for this case, argued the appeal, and has had ultimate decision-making responsibility since the inception of this case.  Mr. Snyder has been a partner at Gibson Dunn since 2005 and is one of the country's leading trial lawyers and litigators.  Mr. Snyder was named General Commercial Attorney of the Year for 2020 by Benchmark Litigation.  Mr. Snyder is a senior partner and the Co-Chair of Gibson Dunn's Media, Entertainment and Technology Practice Group.  Mr. Snyder has litigated many of the leading copyright cases in the Second Circuit.  *See, e.g.*, *Jorgensen v. Epic/Sony Records*, 351 F.3d 46 (2d Cir. 2003); *Thomson v. Larson*, 147 F.3d 195 (2d Cir. 1998); *LaPine v. Seinfeld*, 2009 WL 2902584 (S.D.N.Y. Sept. 10, 2009), *aff'd*, 375 F. App'x 81 (2d Cir. 2010); *Willis v. Home Box Office*, 2001 WL 1352916 (S.D.N.Y. Nov. 2, 2001), *aff'd*, 57 F. App'x 902 (2d Cir. 2003); *Tisi v. Patrick*, 97 F. Supp. 2d 539 (S.D.N.Y. 2000); *Dimmie v. Carey*, 88 F. Supp. 2d 142 (S.D.N.Y. 2000).  Previously, Mr. Snyder served as an Assistant United States Attorney in this District and was a named partner at a prominent New York litigation boutique.  Mr. Snyder has also been recognized as one of the five best business trial lawyers in the country by Chambers

5

USA; ranked by Chambers USA in Band 1 in New York for both General Commercial Litigation

and Media & Entertainment Litigation in 2019; recognized as one of the "Top 100 Trial Lawyers

in America" in Benchmark Litigation's Guide to America's Leading Litigation Firms and

Attorneys; honored as a "Power Lawyer" by *The Hollywood Reporter*; and profiled as AmLaw

Litigation Daily's "Litigator of the Week."  Mr. Snyder earned his law degree, *cum laude*, at the

University of Pennsylvania Law School in 1986.  His standard rates were $1,395 in 2018, $1,445

in 2019, and $1,550 in 2020.  His claimed rates are $1,046.25 in 2018, $1,083.75 in 2019, and

$1,162.50 in 2020.  The total fees sought for Mr. Snyder's work are $70,220.63.  *See* Exhibit E.

19.     I am a sixth-year litigation associate at Gibson Dunn and have had day-to-day

responsibility for running this case since its inception.  My practice focuses on complex

commercial, copyright, and securities litigation.  I previously served as a law clerk for the

Honorable Richard M. Berman of the United States District Court for the Southern District of

New York.  I graduated from Columbia Law School in 2014, where I was a Harlan Fiske Stone

Scholar and a Notes Editor on the *Columbia Journal of Law and Social Problems*.  My standard

rates were $815 in 2018, $895 in 2019, and $965 in 2020.  My claimed rates are $611.25 in

2018, $671.25 in 2019, and $723.75 in 2020.  The total fees sought for my work are

$511,772.25.  *See* Exhibit E.

20.     Matthew McGill has been a partner at Gibson Dunn since 2004 and is a

Chambers-ranked appellate litigator.  He has litigated 21 cases before the Supreme Court of the

United States, prevailing in 16.  Mr. McGill has also participated in significant copyright cases

before the Supreme Court and the courts of appeals, including *Kirtsaeng v. John Wiley & Sons*,

568 U.S. 519 (2013).  Previously, Mr. McGill served as a Bristow Fellow in the Office of the

Solicitor General at the U.S. Department of Justice and as a law clerk for the Honorable Joseph

M. McLaughlin of the U.S. Court of Appeals for the Second Circuit and the Honorable John G.

Roberts, Jr. of the U.S. Court of Appeals for the D.C. Circuit.  Mr. McGill has been recognized

by Benchmark Litigation as a "Future Litigation Star" in Washington, D.C.; by Law360 as a

Sports Law "MVP" and as a national "Rising Star," identifying him as one of ten appellate

lawyers under 40 to watch; and by the *National Law Journal* as a "2019 Sports & Entertainment

Trailblazer" and a "Litigation Trailblazer."  In 2000, Mr. McGill earned his law degree from

Stanford Law School, where he was elected to the Order of the Coif.  His standard rate in 2020 is

$1,320.  His claimed rate in 2020 is $990.  The total fees sought for Mr. McGill's work are

$30,591.  *See* Exhibit E.

21.     Over the course of this litigation, Mr. Snyder and I occasionally utilized the

assistance of Gibson Dunn partner Laura K. O'Boyle.  Ms. O'Boyle assisted with reviewing and

revising the motion to dismiss briefing.  Ms. O'Boyle has been an attorney at Gibson Dunn since

2006, and became a partner in 2017.  She has extensive experience litigating a wide range of

complex commercial matters in federal and state court, including fraud and breach of contract

matters, securities class actions, trade secret claims and shareholder disputes.  She also regularly

represents media and technology clients in copyright, trademark, privacy and defamation

matters.  She graduated with distinction from Stanford Law School in 2006.  Other Gibson Dunn

partners also assisted with oral argument preparation.  We are not seeking reimbursement of the

fees from Ms. O'Boyle's work or any additional partners.

22.     Mr. Snyder and I occasionally utilized the assistance of the following first-year

associates to complete discrete tasks in order to reduce costs: Jeremy Bunting, Trevor Gopnik

(departed firm), Kimberly Kirschenbaum (departed firm), Amanda LeSavage, and Zachary

Piaker (departed firm).  These tasks included, *inter alia*, assisting with the preparation of motion

papers, conducting legal research, and investigating the factual record.  *See* Exhibit D.  The

following are the positions and billing rates of the aforementioned Gibson Dunn attorneys, all of

whom performed legal services for Defendants as first-year associates:

(a)     Jeremy Bunting is an associate.  He graduated from New York University School of Law in 2017.  His rate in 2018 was $615.  His claimed rate for 2018 is $461.25.

(b)     Trevor Gopnik was an associate and has since departed Gibson Dunn.  He graduated from Columbia Law School in 2018.  His rate ranged from $545 in 2018 to $625 in 2019.  His claimed rate for 2018 is $408.75 and 2019 is $468.75.

(c)     Kimberly Kirschenbaum is an associate and has since departed Gibson Dunn.  She graduated from the University of Pennsylvania Law School in 2017.  Her rate in 2018 was $615.  Her claimed rate for 2018 is $461.25.

(d)     Amanda LeSavage is an associate.  She graduated from the University of Pennsylvania Law School in 2019.  Her rate ranged from $565 in 2019 to $650 in 2020.  Her claimed rate for 2019 is $423.75 and 2020 is $487.50.

(e)     Zachary Piaker is an associate and has since departed Gibson Dunn.  He graduated from Columbia Law School in 2019.  His rate ranged from $565 in 2019 to $650 in 2020.  His claimed rate for 2019 is $423.75 and 2020 is $487.50.

23.     Mr. Snyder and I also utilized the assistance of several summer associates.  The

Seinfeld Defendants are not requesting reimbursement for the work performed by summer

associates.

24.     During the course of this action, the work performed by myself and the other

Gibson Dunn attorneys assigned to this matter included, *inter alia*, intensive factual research into

Plaintiff's claims and the development of *Comedians in Cars Getting Coffee*, preserving

evidence for document discovery, briefing three motions to dismiss, litigating Plaintiff's

counsel's motion to withdraw, litigating Plaintiff's motion to strike a section of Defendants'

motion to dismiss reply brief, addressing multiple disputes with Plaintiff and his counsel

regarding procedural issues, preparing and drafting initial disclosures, preparing and filing an

initial motion for attorneys' fees, litigating Plaintiff's request for a stay of the fees motion

pending the outcome of the appeal, reviewing the record on appeal, briefing the appeal,

preparing for and conducting oral argument before the Second Circuit, and briefing this Motion.

25.     The Seinfeld Defendants are not seeking fees relating to a motion that was drafted

but ultimately not filed.  Those entries, as well as others pertaining to administrative tasks, have

been redacted from the invoices attached as Exhibit D, and are not included in the total

attorneys' fees request, or in the billing summary attached as Exhibit E.

26.     Mr. Snyder and I were also assisted by paralegals and other litigation support

staff, including:  paralegals Angel Arias, LaToya Best, and Nilhan Gezgin; the Managing

Attorney of the Firm's New York office, Laura Coppola; and Litigation Support Specialists

Carla Edwards-Hogan, Steven Raber, Leonid Roymisher, and Spencer Scott.  As reflected in

Exhibit D, the paralegals and litigation support staff performed critical tasks in connection with

this matter.  These tasks included, *inter alia*, processing and preserving custodial data in

connection with factual research and preparations for electronic discovery, conducting research,

and assisting counsel with filing and submitting documents to the Court to ensure compliance

with the Local and Electronic Case Filing rules.

27.     The Seinfeld Defendants seek to recover fees and costs from Plaintiff for 1,421.50

hours of work by Gibson Dunn attorneys and litigation support staff, as set forth in the billing

summary attached as Exhibit E.  Gibson Dunn managed this case in an efficient manner.  With a

team of just three attorneys—one handling day-to-day responsibilities, one supervising the

matter, and one assisting on appeal—all of the work was necessary and not redundant.  Notably,

Mr. Snyder billed only 64.3 hours on this matter, representing 5% of the total attorney hours

billed, and Mr. McGill billed only 30.9 hours on this matter, representing just 2% of the total

attorney hours billed.  As the senior associate on this matter, I billed 791.2 hours, representing

59% of the total attorney hours billed. *See* Exhibit. E. The bulk of the remaining hours were billed by junior associates with lower billing rates, to whom I delegated legal research and other appropriate tasks. Mr. Snyder, Mr. McGill and I were also assisted by paralegals and other litigation support staff, who billed 72.1 hours, representing 5% of the total hours billed. Gibson Dunn focused on using its resources efficiently and made every effort to minimize the costs incurred. The number of hours expended by counsel for Defendants is reasonable.

28. All of the work reflected in the time records was necessary and justified to prevail in this action. The hours worked produced a significant victory for Defendants, who secured dismissal of all of Plaintiff's federal claims with prejudice and judgment in the Defendants' favor.

29. The billing rates for Gibson Dunn attorneys and litigation support staff who worked on this matter are set forth in the billing summary attached as Exhibit E.

30. These rates are in line with, and in many cases lower than, the rates charged by comparable law firms in this District with similar expertise. The rates charged by Gibson Dunn are commensurate with the hourly rates for partners and associates at comparable firms in the Southern District of New York and consistent with reasonable rates approved in other cases in this District. *See, e.g.*, *Vista Outdoor Inc. v. Reeves Family Tr.*, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (approving rates up to $1,260 for Gibson Dunn partners); *APEX Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, 2018 WL 5784544, at *5 (S.D.N.Y. Nov. 5, 2018) (approving hourly rates of up to $1,058.25); *U.S. Bank Nat'l Ass'n v. Dexia Real Estate Capital Mkts.*, 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) (approving hourly rates of up to $1,055 and noting that "partner billing rates in excess of $1,000 an hour[] are by now not uncommon in the context of complex commercial litigation").

31.     The rates charged by Gibson Dunn reflect actual market rates and are the same or similar to those paid by Gibson Dunn's other clients for comparable work.  *See Ceglia v. Zuckerberg*, 2012 WL 503810, at \*16 (W.D.N.Y. Feb. 14, 2012) (finding "Gibson Dunn's hourly billing rates are in line with the prevailing market rates for attorneys of similar credentials at large New York City law firms").

32.     The reasonableness of the billing rates for Gibson Dunn attorneys is further supported by recent surveys of the prevailing market rates for comparable legal services. Attached hereto as Exhibit H is a true and correct copy of the *Legal Billing Report By Billing Rate*, published by Thomson Reuters in December 2018.  The *Legal Billing Report* compiles hourly rates and other fee-related information, including the years of experience of attorneys, from fee applications in Chapter 11 bankruptcy cases in New York.  The firms listed in Exhibit H are peer firms of Gibson Dunn in the sense that Gibson Dunn's clients and similar companies retain these firms for work similar to that performed by Gibson Dunn in this matter.  These firms also recruit from among the same high-achieving students at the nation's top law schools.  The similarity in rates among these firms confirms the fact that these rates reflect market prices for legal services provided by this peer group.

33.     Even within this group, Gibson Dunn is an exceptional law firm.  Gibson Dunn's litigation department has been recognized as the "Litigation Department of The Year" by *The American Lawyer* in 2010, 2012, 2016, and 2020; the "Litigation Department of the Year" in 2020 by the *New York Law Journal*, the "Appellate Firm of the Year" by Benchmark Litigation in 2017 and 2019; and the "White Collar/Enforcement/Investigations Firm of the Year" by Benchmark Litigation in 2017.  Gibson Dunn's litigation practice in New York earned

11

Benchmark Litigation's highest recommendations in 2019.  Gibson Dunn has represented the

majority of the Fortune 100 companies and more than half of the Fortune 500 companies.

34.     As set forth in the costs summary attached as Exhibit F, the Seinfeld Defendants

are also seeking to recover $94,808.60 in costs incurred by Gibson Dunn.  The costs include

electronic legal research, electronic discovery database hosting fees, in house duplication

charges, postage, and messenger and courier delivery services.

35.     These costs are reasonable because they are not associated with routine office

overhead, but rather are identifiable out-of-pocket expenses incurred by attorneys and ordinarily

charged to their clients.  Moreover, these are all costs that Gibson Dunn routinely charges to its

clients and for which the Seinfeld Defendants agreed to pay for.


 Dated: New York, New York                           /s/ David M. Kusnetz
        July 1, 2020                                  David M. Kusnetz