UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIAN CHARLES,

Plaintiff,

v.

JERRY SEINFELD, COLUMBUS 81 PRODUCTIONS, INC., EMBASSY ROW, LLC, COMEDIANS IN CARS, LLC, SONY PICTURES TELEVISION INC., and NETFLIX, INC.,

Defendants.

No. 18 Civ. 01196 (AJN) (KHP)

**REPLY MEMORANDUM OF LAW OF DEFENDANTS JERRY SEINFELD, COLUMBUS 81 PRODUCTIONS, INC., AND COMEDIANS IN CARS, LLC IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Dated: August 17, 2020

*Attorneys for Defendants Jerry Seinfeld, Columbus 81 Productions, Inc., Embassy Row, LLC, Comedians in Cars, LLC, Sony Pictures Television Inc., and Netflix, Inc.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 2

I. DEFENDANTS ARE ENTITLED TO RECOVER THEIR ATTORNEYS' FEES AND COSTS ..... 2

A. Plaintiff's Copyright Claims Are Objectively Unreasonable under Second Circuit Precedent, and the Sixth Circuit's *Everly* Decision Does Not Undermine that Conclusion ..... 2

B. Plaintiff Does Not Dispute that His Claims Are Objectively Unreasonable under Second Circuit Authority ..... 6

C. The Court Should Deter Plaintiff's Vexatious Litigation Tactics ..... 7

II. PLAINTIFF DOES NOT CHALLENGE THE REASONABLENESS OF DEFENDANTS' ATTORNEYS' FEES AND COSTS ..... 8

CONCLUSION ..... 9

# TABLE OF AUTHORITIES

## Cases

*Baker v. Urban Outfitters, Inc.*,
431 F. Supp. 2d 351 (S.D.N.Y. 2006)....7

*Everly v. Everly*,
958 F.3d 442 (6th Cir. 2020) ....1, 3, 4, 5, 7

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994)....2, 8

*Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*,
716 F.3d 302 (2d Cir. 2013)....4

*Kirtsaeng v. John Wiley & Sons, Inc.*,
136 S. Ct. 1979 (2016)....3

*Kwan v. Schlein*,
634 F.3d 227 (2d Cir. 2011)....5, 6

*Mahan v. Roc Nation, LLC*,
2015 WL 4388885 (S.D.N.Y. July 17, 2015), *aff'd*, 634 F. App'x 329 (2d Cir. 2016) ....3, 6

*Mahan v. Roc Nation, LLC*,
634 F. App'x 329 (2d Cir. 2016) ....2, 5, 7

*Merchant v. Levy*,
92 F.3d 51 (2d Cir. 1996) ....5

*Porto v. Guirgis*,
659 F. Supp. 2d 597 (S.D.N.Y. 2009)....7

*Sid Bernstein Presents, LLC*,
2018 WL 1587125 (S.D.N.Y. Mar. 29, 2018) ....6, 7

*Simmons v. Stanberry*,
810 F.3d 114 (2d Cir. 2016)....6

*TufAmerica Inc. v. Diamond*,
2018 WL 401510 (S.D.N.Y. Jan. 12, 2018) ....6, 8

*TufAmerica, Inc. v. Diamond*,
2016 WL 1029553 (S.D.N.Y. Mar. 9, 2016) ....2, 6

*Wilson v. Dynatone Publ'g Co.*,
892 F.3d 112 (2d Cir. 2018)....4

**TABLE OF AUTHORITIES** *(continued)*

Page(s)

**Statutes**

17 U.S.C. § 201(b) ....................................................................................................................4

**PRELIMINARY STATEMENT**

As the Second Circuit's summary order makes plain, Plaintiff's lawsuit was time-barred under controlling Second Circuit precedents because Plaintiff's own amended complaint demonstrated that Mr. Seinfeld had repudiated Plaintiff's ownership claims more than six years before Plaintiff filed suit. Plaintiff does not dispute that courts routinely award defendants attorneys' fees and costs under the Copyright Act when a lawsuit is filed, like Plaintiff's here, in disregard of the Act's statute of limitations. Nor does he dispute the reasonableness of the fees and costs incurred by the Seinfeld Defendants in defending this action. Instead, Plaintiff's opposition is based only on the notion that the Sixth Circuit's recent decision in *Everly v. Everly*, 958 F.3d 442 (6th Cir. 2020) renders reasonable his position that Mr. Seinfeld's repudiation of Plaintiff's interests in the Show does not matter because Plaintiff asserts to be an author of the Show and the Act's three-year statute of limitations is renewed by each act of alleged infringement.[1] Once again, Plaintiff is wrong.

Far from adopting Plaintiff's position here, the Sixth Circuit's decision holds that the three-year statute of limitations runs from the date of first repudiation of ownership or authorship and expressly invokes the Second Circuit's holistic approach to repudiation. Applying that standard, the Sixth Circuit held that, on the summary judgment record before it, there was a dispute of fact as to whether one Everly brother had repudiated the other Everly brother's claim of authorship. But here, as both this Court and the Second Circuit found, Plaintiff's own complaint demonstrated that Mr. Seinfeld had repudiated Plaintiff's asserted interests in the Show six years before the suit was filed. Thus, even if *Everly* were the law of the land (and not just the Sixth Circuit), Plaintiff's lawsuit still would have been time-barred.

[1] Defined terms have the meanings given to them in the Seinfeld Defendant's motion for attorneys' fees and costs, dated July 1, 2020.

Section 505 of the Copyright Act exists to provide "compensation and deterrence"—compensation for the litigant's expenses of defeating a meritless claim, and deterrence to others that might bring a similarly meritless lawsuit. *TufAmerica, Inc. v. Diamond*, 2016 WL 1029553, at *1 (S.D.N.Y. Mar. 9, 2016) (Nathan, J.) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n.19 (1994)). The Second Circuit has recognized that clearly time-barred claims pass Section 505's "objectively unreasonable" threshold, and that "the objectives of the Copyright Act" are furthered by "deterring such baseless" claims. *Mahan v. Roc Nation, LLC*, 634 F. App'x 329, 331 (2d Cir. 2016). As this Court recognized, Plaintiff's claims were clearly time-barred under the Second Circuit's precedents. The Sixth Circuit's decision in *Everly* only confirms—and does nothing to change—that. This Court should award the Seinfeld Defendants their attorneys' fees and costs both to compensate them for the substantial expenses they have incurred in defending against Plaintiff's case, and to deter others that might similarly file clearly time-barred lawsuits after a work is commercialized in the hope of extracting a settlement.

## ARGUMENT

### I. DEFENDANTS ARE ENTITLED TO RECOVER THEIR ATTORNEYS' FEES AND COSTS

#### A. Plaintiff's Copyright Claims Are Objectively Unreasonable under Second Circuit Precedent, and the Sixth Circuit's *Everly* Decision Does Not Undermine that Conclusion

When determining whether to award fees under Section 505 of the Copyright Act, courts in the Second Circuit consider "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence' as relevant factors," *TufAmerica*, 2016 WL 1029553, at *1 (quoting *Fogerty* 510 U.S. at 534 & n.19 (1994)), while giving "'substantial

weight' to the reasonableness of [a] losing party's litigating position[]," *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1989 (2016).

As the Second Circuit's decision in this case makes clear, Plaintiff's claims were objectively unreasonable because they were "expressly repudiated in myriad ways" and "[a]n abundance of case law supported the action's dismissal." *Mahan v. Roc Nation, LLC*, 2015 WL 4388885, at *3 (S.D.N.Y. July 17, 2015), *aff'd*, 634 F. App'x 329 (2d Cir. 2016); Summary Order at 2. Remarkably, Plaintiff does not dispute that his claims were objectively unreasonable under controlling Second Circuit precedent. Plaintiff instead suggests that the Sixth Circuit's decision in *Everly* demonstrates that the Second Circuit has misapprehended the law, and that Plaintiff's rejected position concerning the start of the limitations period is correct. Dkt. 130 at 6–9. When Plaintiff similarly asserted that *Everly* created a circuit split in his petition for rehearing from the Second Circuit's decision, the court denied the petition without calling for a response. That is unsurprising because *Everly* does not come anywhere close to embracing the strange position Plaintiff advanced in this case.

It is true that *Everly* recognizes a distinction between "authorship" and "ownership" claims, but the Sixth Circuit did ***not*** hold that authorship claims are subject to a different statute of limitations regime than ownership claims. Instead, the Sixth Circuit recognized the uniform view of the circuits that "the statute of limitations will bar a party's co-ownership 'claim' if the party does not sue within three years of the other owner's 'plain and express repudiation' of that purported co-ownership interest," and further acknowledged that the parties agreed that "this plain-and-express-repudiation test extends to their dispute over 'authorship.'" *Everly*, 958 F.3d at 460 (Murphy, J., concurring); *see also id.* at 452 ("[T]he express repudiation test should apply to such a claim for a declaration of authorship rights as it does in the ownership context.").

Applying this repudiation test, *Everly* cites to several Second Circuit decisions, including *Kwan* and *Mahan*, while noting that there are "three types of repudiation" recognized by the Second Circuit—"private repudiation, public repudiation, and implicit repudiation." *Id.* at 452. The Sixth Circuit observed that this holistic approach is "consistent with [its] caselaw." *Id*. The Sixth Circuit thus found that a claim of authorship can be repudiated—and the statute of limitations triggered. *Id*. at 453 (internal citations omitted).

This is indistinguishable from the test the Second Circuit applied in *Kwan*, that this Court applied, and that the Second Circuit applied again in affirming this Court's order of dismissal. In short, there is no basis for Plaintiff's suggestion his case might have fared better in the Sixth Circuit. Plaintiff's purported "circuit split between the Second and Sixth Circuits created by *Everly*" is non-existent. Dkt. 130 at 2.

Indeed, as the Second Circuit found, Mr. Seinfeld privately repudiated Plaintiff's authorship "in February 2012, [when] Seinfeld rejected [Plaintiff's] request for backend compensation and made it clear that [Plaintiff's] involvement would be limited to a work-for-hire basis." Summary Order at 2. Mr. Seinfeld's statement that Plaintiff was working on a "work-for-hire basis" sufficed to repudiate both Plaintiff's claim to ownership *and* his claim to authorship. As the Second Circuit has explained, when a work is made for hire "the employer or other person for whom the work was prepared is considered the author for purposes of this title." *Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 320 (2d Cir. 2013) (internal citation omitted); *see also Wilson v. Dynatone Publ'g Co.*, 892 F.3d 112, 119 (2d Cir. 2018) ("[I]n the case of works created . . . for an 'employer for whom such work is made for hire,' the employer for hire becomes effectively the author . . .") (internal citation omitted); 17 U.S.C. § 201(b) ("In the case of a work made for hire, the employer or other person for whom

the work was prepared is considered the author for purposes of this title."). By restricting Plaintiff to a work-for-hire role, Mr. Seinfeld directly communicated to Plaintiff that he—and not Plaintiff—was the sole author of the Show.

Similarly, when "the show premiered in July 2012 without crediting Charles," this repudiated both Plaintiff's claim of ownership and his claim of authorship. Summary Order at 2 (citing *Kwan v. Schlein*, 634 F.3d 227 (2d Cir. 2011)). Indeed, *Everly* states that a plaintiff's authorship claim may be repudiated by a defendant "asserting sole authorship to the world" without crediting the plaintiff—citing the Second Circuit's decision in *Kwan*. *Everly*, 958 F.3d at 453 (citing *Kwan*, 634 F.3d at 229). And *Everly* also points to the Second Circuit's decisions in *Mahan* and *Merchant* to explain that an authorship claim—just like an ownership claim—may be implicitly repudiated when the plaintiff "learns she is entitled to royalties she is not receiving." *Id*. at 452 (*citing Mahan*, 634 F. App'x at 331; *Merchant v. Levy*, 92 F.3d 51, 56-7 (2d Cir. 1996)).

Thus even if Plaintiff's claim were categorized as based on authorship rather than ownership, and even if the *Everly* test for repudiation of authorship claims governed in the Second Circuit, the result would be the same because the Sixth Circuit's test for repudiation of authorship is identical to (indeed, derived from directly) the Second Circuit's test for repudiation of ownership claims that this Court applied to dismiss Plaintiff's claim as time-barred and the Second Circuit invoked in its affirmance. Application of the same test leads inexorably to the same result.[2]

---

[2] In *Everly*, the claim to authorship was treated as separate from the claim of ownership because that case involved termination rights under Section 203 of the Act which are vested in authors specifically to allow them to terminate prior grants of interests in ownership. *See* 958 F.3d at 449–50. Thus, the Sixth Circuit held that a repudiation of ownership was not necessarily sufficient to demonstrate repudiation of authorship and the right of termination flowing from it. *Id*. at 452. Of course, Section 203 termination rights are not implicated in this case. The causes of action for infringement claimed by Plaintiff are rights that can be

### B. Plaintiff Does Not Dispute that His Claims Are Objectively Unreasonable under Second Circuit Authority

Plaintiff ignores the reality that this Court and the Second Circuit held that binding authority, such as *Kwan* and *Simmons v. Stanberry*, 810 F.3d 114 (2d Cir. 2016) (per curiam), compelled dismissal of his claims. *See* Dkt. 124 at 8–10; *see also TufAmerica Inc.*, 2016 WL 1029553, at *2 (stating that a claim is "objectively unreasonable" when it disregards a "well-settled principle of law."). "Plaintiff's claims under the Copyright Act were plainly time barred and [are] therefore objectively unreasonable."[3] *Mahan*, 2015 WL 4388885, at *2. Courts in the Second Circuit commonly award attorneys' fees in cases involving "claims under the Copyright Act [that are] plainly time barred." *Id*. For example, in *Mahan*, the court rejected the plaintiff's argument that "fee shifting [was] not justified, as the dismissal of th[e] action as time barred was 'a purely technical win' that did not 'impact the merits of [Plaintiff]'s substantive rights.'" *Id*. The court found an award of attorneys' fees was justified, holding that "it is well established that a dismissal on statute of limitations grounds 'operates as an adjudication on the merits.'" *Id.* Similarly, in *Sid Bernstein*, the court ruled that the defendant was entitled to recover attorneys' fees and costs because "Plaintiff's claims were plainly time-barred" and thus "objectively unreasonable," and "considerations of compensation and deterrence [] militate[d] in favor of awarding attorneys' fees." *Sid Bernstein Presents, LLC v. Apple Corps Ltd.,* 2018 WL 1587125, at *4 (S.D.N.Y. Mar. 29, 2018). Here, as in *Mahan* and *Sid Bernstein*, this Court and the Second

asserted only by an owner of the copyright in the work. "[T]he dispute over [the Show] does not involve the nature, extent or scope, of copying, and therefore, ownership forms the backbone of the 'infringement' claim at issue here." *Kwan*, 634 F.3d at 229. There accordingly is no legitimate basis to quarrel with this Court's and the Second Circuit's conclusion that the gravamen of the dispute among Plaintiff and the Seinfeld Defendants centered on ownership of the copyrights in the Show.

[3] The frivolousness factor is often analyzed with objective reasonableness. *See TufAmerica Inc. v. Diamond*, 2018 WL 401510, at *3 (S.D.N.Y. Jan. 12, 2018) (Nathan, J.) ("A complaint is frivolous 'where it lacks an arguable basis either in law or in fact.'").

Circuit dismissed the case as time-barred under controlling precedent. It was not a close call. As such, the Seinfeld Defendants are entitled to recover their fees and costs.

The "motivation factor" is also met because there are more than "indicia of bad faith here." *See Porto v. Guirgis*, 659 F. Supp. 2d 597, 617 (S.D.N.Y. 2009). Plaintiff protests that he "did not crawl out of the woodwork" and is "not some reprobate opportunist." Dkt. 130 at 2, 3. But that claim is belied by the record and this Court's finding that it was the announcement in 2017 that "Netflix inked a lucrative new deal for the show to join their platform," that prompted Plaintiff to file suit. Dkt. No. 106 at 3.[4]

**C. The Court Should Deter Plaintiff's Vexatious Litigation Tactics**

"[A]n award of attorneys' fees and costs in this case will advance the purposes of the Copyright Act by compensating the [Seinfeld Defendants] for expending the time and incurring the expense of defending this action" and deterring others "from pursuing meritless claims, such as those asserted in this action." *Sid Bernstein Presents, LLC*, 2018 WL 1587125, at *4; *see also Mahan*, 634 F. App'x at 331 (affirming district court's holding that asserting time-barred copyright claims "was objectively unreasonable and that awarding fees would deter similar frivolous suits from being filed by others"); *Baker v. Urban Outfitters, Inc*., 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006) (noting that when a plaintiff pursues a meritless claim, "failing to award attorneys' fees to defendants . . . would invite others to bring similarly unreasonable actions without fear of any consequences").

[4] Plaintiff argues for Rule 11 sanctions because the Seinfeld Defendants' did not discuss the Sixth Circuit's decision in *Everly* in their motion for fees and costs, but that argument is demonstrably frivolous. As Plaintiff concedes, the disclosure obligations under Rule 11 "applies only to adverse authority 'in the controlling jurisdiction.'" *See* Dkt. 130 at n.3. A decision of the Sixth Circuit obviously is not controlling authority in this Court. And as shown *supra*, because *Everly* applies the same test that this Court and the Second Circuit applied in this case, it hardly can be described as "adverse authority." It could, however, be described as cumulative, or of limited relevance.

Further, while courts may consider economic disparities between the parties in calculating a fee award, as Judge Nathan held in *TufAmerica*, "the fee award must still be sufficient to accomplish the goals of Section 505 fee awards, namely 'considerations of compensation and deterrence.'" 2018 WL 401510, at *5 (S.D.N.Y. 2018) (quoting *Fogerty,* 510 U.S. at 534 n.19). Here, unlike in *TufAmerica*, Plaintiff has neither challenged the amount of the requested fee award, nor claimed financial hardship. Indeed, Plaintiff previously retained Duane Morris LLP, an AM Law 100 law firm with more than 800 attorneys, to represent him in this action. Since Plaintiff "was able to locate resources needed to file, escalate, and prolong this frivolous litigation, [he] can also be expected to locate assets necessary to cover the fees award." *Id*. at 6.

## II. PLAINTIFF DOES NOT CHALLENGE THE REASONABLENESS OF DEFENDANTS' ATTORNEYS' FEES AND COSTS

The attorneys' fees and costs sought by the Seinfeld Defendants were necessary to defend against Plaintiff's vexatious litigation tactics. In his opposition brief, Plaintiff does not contest the Seinfeld Defendants' counsel's rates. Nor does Plaintiff contest the reasonableness of the time incurred by the Seinfeld Defendants to defend this action. Thus, the Seinfeld Defendants respectfully submit that no reduction in the requested amount of fees and costs is warranted. As noted in their opening brief, Dkt. 124 at n.5, the Seinfeld Defendants are entitled to recover attorneys' fees and costs associated with this motion. The declaration attached to the Seinfeld Defendants' opening brief includes attorneys' fees and costs incurred from the inception of the case through May 2020. Attached hereto is a supplemental declaration substantiating additional attorneys' fees and costs, which were incurred by the Seinfeld Defendants in June and July 2020, which are $27,246.00 in attorneys' fees and $6,110.41 in costs. *See* Ex. A. Accordingly, the total amount of attorneys' fees and costs sought by the Seinfeld Defendants is $973,858.37. *See* Exs. B & C.

**CONCLUSION**

For the foregoing reasons, the Seinfeld Defendants respectfully request that the Court grant their motion for attorneys' fees and costs, together with such further relief as appropriate.

Dated: New York, New York
August 17, 2020

Respectfully Submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Orin Snyder*

Orin Snyder
David M. Kusnetz
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
osnyder@gibsondunn.com
dkusnetz@gibsondunn.com

*Attorneys for Defendants Jerry Seinfeld, Columbus 81 Productions, Inc., Embassy Row, LLC, Comedians in Cars, LLC, Sony Pictures Television Inc., and Netflix, Inc.*