UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTIAN CHARLES,

        Plaintiff,

  v.

JERRY SEINFELD, COLUMBUS 81 PRODUCTIONS, INC., EMBASSY ROW, LLC, COMEDIANS IN CARS, LLC, SONY PICTURES TELEVISION INC., and NETFLIX, INC.,

        Defendants.

No. 18 Civ. 01196 (AJN) (KHP)

---

# REPLY MEMORANDUM OF LAW OF DEFENDANTS JERRY SEINFELD, COLUMBUS 81 PRODUCTIONS, INC., AND COMEDIANS IN CARS, LLC, ADDRESSING SIZE OF AWARD OF ATTORNEYS' FEES AND COSTS

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile:  (212) 351-4035

Dated: March 19, 2021

*Attorneys for Defendants Jerry Seinfeld, Columbus 81 Productions, Inc., Embassy Row, LLC, Comedians in Cars, LLC, Sony Pictures Television Inc., and Netflix, Inc.*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .............................................................................................................................. 1

    I.      The Fees And Costs Sought By The Seinfeld Defendants Are Reasonable. ...................................................................................................1

    II.     Plaintiff's Purported Financial Condition Does Not Negate The Statutory Policies Of Compensation And Deterrence. ...........................................2

    III.    Any Financial Burden Imposed On Plaintiff Can Be Reduced By Holding Plaintiff's Counsel Jointly And Severally Liable For The Seinfeld Defendants' Fees And Costs.....................................................................4

CONCLUSION............................................................................................................................ 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baker v. Urban Outfitters, Inc.*,
 431 F.Supp.2d 351 (S.D.N.Y. 2006) ............................................................................... 4

*Ceglia v. Zuckerberg*,
 2012 WL 503810 (W.D.N.Y. Feb. 14, 2012) ................................................................. 2

*Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*,
 2021 WL 968819 (2d Cir. Mar. 16, 2021) .................................................................. 4, 5

*N.Y. State Ass'n for Retarded Children v. Carey*,
 711 F.2d 1136 (2d Cir. 1983) ......................................................................................... 2

*Schleifer v. Berns*,
 2017 WL 3084406 (E.D.N.Y. July 19, 2017) .......................................................... 3, 4, 5

*TufAmerica Inc. v. Diamond*,
 2016 WL 1029553 (S.D.N.Y. Mar. 9, 2016) ................................................................. 2

*TufAmerica Inc. v. Diamond*,
 2018 WL 401510 (S.D.N.Y. Jan. 12, 2018) ................................................................... 3

**Statutes**

28 U.S.C. § 1927 ..................................................................................................................... 4

**PRELIMINARY STATEMENT**

On February 26, 2021, the Court granted Defendants Jerry Seinfeld, Columbus 81 Productions, Inc., and Comedians in Cars, LLC's (collectively, the "Seinfeld Defendants") Motion for Attorneys' Fees. Dkt. No. 150. The Court found that Plaintiff "lacked a reasonable basis" for his "opportunistic" claims. *Id*. at 8. Plaintiff acknowledges that his brief ignores the Court's order to "address[] the size of the fee award." *Id*. at 9; *see* Dkt. No. 151 at 6. As before, Plaintiff does not contest the fees or hours that Defendants' counsel expended in response to his vexatious litigation conduct. Instead, Plaintiff impermissibly asks for a do over and says that "virtually any fee award will force him into bankruptcy." Dkt. No. 151 at 2. Plaintiff's attempt to convert his brief into a motion for reconsideration should be denied. All of the facts and arguments set forth in Plaintiff's brief were addressed by the Court in ruling that Plaintiff's claims were objectively unreasonable. Dkt. No. 150 at 7–8. And while there is an obvious financial disparity between the Seinfeld Defendants and Plaintiff, such a disparity cannot entirely negate the Copyright Act's statutory policies of compensation and "deterring plainly time-barred claims." *Id*. at 9. As the Court found, "substantial deterrence is needed to counterbalance" cases "like these, [where] the prospect of a huge payday may entice litigants to pursue claims with little or no merit." *Id*. at 8. To achieve substantial deterrence, while taking into consideration Plaintiff's purported financial condition, the Seinfeld Defendants respectfully request that the Court find Plaintiff and his counsel—who advised Plaintiff to file a third complaint in spite of controlling Second Circuit precedent—jointly and severally liable.

**ARGUMENT**

I. **The Fees And Costs Sought By The Seinfeld Defendants Are Reasonable.**

Plaintiff's decision to not challenge the Seinfeld Defendants' attorneys' fees or costs is a clear concession that the requested award is, in fact, reasonable. Plaintiff has had multiple

1

opportunities to address the reasonableness of a fee award, but as Plaintiff's counsel conceded at oral argument when Magistrate Judge Parker asked him to "argue about the reasonableness" of the fee award, he "intentionally did not address that." Dkt. No. 135 at 27:10–14.

The requested fees and costs are reasonable in light of the needs of the litigation and the success achieved. *See* Dkt. No. 132, Exs. B & C. Even though this was a meritless case, the stakes were high because of the value of the Show and the nature of Plaintiff's demands. *See* Dkt. No. 140 at 16–17. Gibson Dunn used its resources efficiently and made every effort to minimize the costs incurred in this matter, *see* Dkt. No. 124 at 23–24; Dkt. No. 132, Ex. B, but Plaintiff's "litigation conduct [] created unusually high costs, requiring Seinfeld to file three motions to dismiss and a motion to strike." Dkt. No. 150 at 8; *see also* Dkt. No. 124 at 19.[1] The Seinfeld Defendants are also only requesting an award of 75% of "Gibson Dunn's hourly rates[,] [which] are in line with the prevailing market rates for attorneys of similar credentials at large New York City law firms." *Ceglia v. Zuckerberg*, 2012 WL 503810, at *16 (W.D.N.Y. Feb. 14, 2012); *see also* Dkt. No. 124 at 20–21.

## II. Plaintiff's Purported Financial Condition Does Not Negate The Statutory Policies Of Compensation And Deterrence.

Plaintiff argues that a fee award should be completely precluded due to his "inability to pay" and "the relative financial strength of the parties."[2] Dkt. No. 151 at 2–3. While the

---

[1] Although some of Gibson Dunn's time entries involved block billing—which is "not prohibited"—all of the time is "well-documented and accounted for in detail." *TufAmerica Inc. v. Diamond*, 2016 WL 1029553, at *4 (S.D.N.Y. Mar. 9, 2016) (Nathan, J.). For each of its entries, Gibson Dunn specified "the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983).

[2] Plaintiff's citations to Sony and Netflix's earnings, *see* Dkt. No. 151 at 2, are misplaced as only the Seinfeld Defendants make this motion and were responsible for paying the Defendants' attorneys' fees and costs, *see* Dkt. No. 124 at 1 n.1. Mr. Seinfeld also contests Plaintiff's representation of his of net worth, which Plaintiff solely supports with an iPhone screenshot from the website, www.wealthygorilla.com. *See* Dkt. No. 151-1, Ex. 2.

Seinfeld Defendants recognize that a financial disparity exists between the parties, as this Court held in *TufAmerica*, "the fee award must still be sufficient to accomplish the goals of Section 505 fee awards, namely 'considerations of compensation and deterrence.'" *TufAmerica Inc. v. Diamond*, 2018 WL 401510, at *5 (S.D.N.Y. Jan. 12, 2018) (Nathan, J.).

As this Court recognized, "[s]ubstantial deterrence is needed" here. Dkt. No. 150 at 8. Plaintiff's "opportunistic" lawsuit was brought only after "Seinfeld had signed a lucrative distribution deal with Netflix," and persisted in the face of "Seinfeld's repeated—and correct— warnings [to Charles and his counsel] that Charles's claims were time-barred and that a fee award would be likely if Charles pursued this case." *Id.* Yet, Plaintiff and his counsel barreled ahead and have expressed no contrition for filing a baseless lawsuit. To the contrary, their brief and declaration is a study in defiance. They admit that "[f]rom the outset" of this litigation, Plaintiff and his counsel have been aware that their conduct may result in a fee award, which they describe as a "threat . . . hanging over [Plaintiff] like a volcano emitting sporadic low rumbles." Dkt. No. 151 at 6. And unlike most reasonable litigants and lawyers, Plaintiff and his counsel continued to hike up that rumbling volcano, despite "los[ing] [at] every prior round in the litigation." *Id.* at 6–7. With a contingency fee arrangement and his purportedly poor financial condition, *id.* at 1–3, Plaintiff acted as if he had nothing to lose and everything to gain as he forced the Seinfeld Defendants to rack up "unusually high costs," Dkt. No. 150 at 8, in a gamble that they would fold and agree to a settlement. Plaintiff and his attorney "seemed to have taken the position that they were going to roll the dice even though nothing in law or fact supported their filing or prosecuting this suit." *Schleifer v. Berns*, 2017 WL 3084406, at *7 (E.D.N.Y. July 19, 2017). A substantial award of fees is the only way to achieve the "substantial deterrence [] needed to counterbalance [the] incentives" for bringing cases like this. Dkt. No. 150 at 8.

**III.     Any Financial Burden Imposed On Plaintiff Can Be Reduced By Holding Plaintiff's Counsel Jointly And Severally Liable For The Seinfeld Defendants' Fees And Costs.**

The contingency fee arrangement in this case also speaks to the complicity of Plaintiff's counsel, who is an "experienced litigator with strong knowledge of copyright law." Dkt. No. 151 at 4. We warned Plaintiff's counsel way back on August 14, 2018 that Plaintiff's copyright claims were plainly time-barred and that if he "persisted in moving for leave to file a Second Amended Complaint that adopts the existing frivolous claims and adds a time-barred joint authorship claim, we will move for sanctions pursuant to . . . 28 U.S.C. § 1927[] and the Court's inherent authority." Dkt. No. 125, Ex. C at 5; *see also id.* at 2–3. This was an early, clear and ample warning. Plaintiff's counsel was expressly put on notice that his conduct was sanctionable and could result in a liability for fees.

This Court should "exercise its inherent authority to sanction [P]laintiff's lawyer[] for attorney's fees and costs" or hold Plaintiff's counsel jointly and severally liable under 28 U.S.C. § 1927 because it was "incumbent on [Plaintiff's] attorney[] to explain that his copyright action was frivolous." *Schleifer*, 2017 WL 3084406, at *6 (holding plaintiff's counsel jointly and severally liable for attorneys' fees and costs awarded under Section 505 of the Copyright Act); *see also Baker v. Urban Outfitters, Inc.*, 431 F.Supp.2d 351, 363 (S.D.N.Y. 2006). The Second Circuit just this week held "that the only prerequisites to a district court imposing monetary sanctions under its inherent power is that a party advanced a colorless claim and did so for improper reasons." *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 2021 WL 968819, at *6 (2d Cir. Mar. 16, 2021). This is a paradigm case. The first factor "is satisfied where the claim 'lacks any legal or factual basis.'" *Id.* at 5. Here, this Court found Plaintiff "lacked a reasonable legal basis for his claims." Dkt. No. 150 at 8. For the second factor, bad faith may be inferred when an action is "so completely without merit as to require the conclusion that [it] must have been

4

undertaken for some improper purpose." *Int'l Techs. Mktg., Inc.*, 2021 WL 968819, at *5. In evaluating "the losing party's motivation for bringing suit," this Court found that "Charles's suit appears to have been opportunistic" and that this is a clear case where "the prospect of a huge payday [] entice[d] litigants to pursue claims with little to no merit." Dkt. No. 150 at 8.

Tellingly, Plaintiff admits that that he was "following his own counsel's advice" to ignore "the repeated warnings by Seinfeld's counsel that his claims were time-barred and likely to result in a fee award." Dkt. No. 151 at 4. If Plaintiff's counsel "did not do the requisite research when filing the complaint, surely [he] should have recognized the absence of merit when preparing the opposition to the motion to dismiss." *Schleifer*, 2017 WL 3084406, at *6. Indeed, the Court found that Plaintiff "all but concedes that controlling Second Circuit precedent squarely foreclosed his claims." Dkt. No. 150 at 5. "There is [] a need to deter attorneys who fail to comply with their obligations to the Court to research and put forth good-faith claims and defenses." *Schleifer*, 2017 WL 3084406, at *6. The conduct of Plaintiff and his counsel is "plainly serious enough to support a discretionary award of sanctions." *Int'l Techs. Mktg., Inc.*, 2021 WL 968819, at *5.

Finally, this Court could provide that the fee award may be paid in annual installments over the next ten years to ease the burden on Plaintiff and his counsel.

## **CONCLUSION**

For the foregoing reasons, this Court should award the Seinfeld Defendants $973,858.37 in fees and costs under Section 505 of the Copyright Act.

Dated: New York, New York
March 19, 2021

Respectfully Submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Orin Snyder

Orin Snyder
David M. Kusnetz
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
osnyder@gibsondunn.com
dkusnetz@gibsondunn.com

*Attorneys for Defendants Jerry Seinfeld, Columbus 81 Productions, Inc., Embassy Row, LLC, Comedians in Cars, LLC, Sony Pictures Television Inc., and Netflix, Inc.*