**CLARK GULDIN**
Attorneys At Law
20 Church Street – Suite 15
Montclair, New Jersey 07042
(973) 707-5346 (ph)
(973) 707-7631 (fax)
*Attorneys for Plaintiff*
*Christian Charles*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**CHRISTIAN CHARLES,**

    Plaintiff,

    v.

**JERRY SEINFELD, COLUMBUS 81
PRODUCTIONS, INC., EMBASSY ROW, LLC,
COMEDIANS IN CARS, LLC, SONY PICTURES
TELEVISION INC., NETFLIX, INC.**

    Defendants.

**Civil Action No. 1:18-cv-01196 (AJN-KHP)**

---

# MEMORANDUM ADDRESSING JOINT AND SEVERAL LIABILITY FOR COUNSEL FEES

# TABLE OF AUTHORITIES

**Pages**

CASES

*Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351 (S.D.N.Y. 2006) ...........................................4

*Chambers v. Nasco, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) .................1, 2, 3

*Enmon v. Prospect Capital Corp.*, 675 F.3d 138 (2d Cir. 2012) .....................................................3

*Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 2021 WL 968819 (2d Cir. Mar. 16, 2021)..........2, 3, 4

*McCune v. Rugged Entm't, LLC,* No, 08–CV–2677, 2010 WL 1189390 (E.D.N.Y. Mar. 29, 2010) ...................................................................................................................................2

*Milltex Indus. Corp. v. Jacquard Lace Co.,* 55 F.3d 34 (2d Cir. 1995)...........................................2

*Nemeroff v. Abelson,* 620 F.2d 339 (2d Cir. 1980) .........................................................................2

*Petrello v. White*, 2011 WL 8198105 (E.D.NY. Mar. 3, 2011) ........................................................2

*Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980) .....................................................................1

*Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323 (2d Cir. 1999) ......................................2

*Schleifer v. Berns*, 2017 WL 3084406 (E.D.N.Y. July 19, 2017)..................................................1, 4

*Sherman, LLC v. DCI Telecommunications, Inc.*, 2003 WL 21692763 (S.D.N.Y. July 21, 2003) ...................................................................................................................................3

*Sierra Club v. U.S. Army Corps of Engineers,* 776 F.2d 383 (2d Cir. 1985) ..................................2

*Weinberger v. Kendrick,* 698 F.2d 61 (2d Cir.1982)........................................................................2

RULES & STATUTES

Fed. R. Civ. P 11 ...............................................................................................................................2

28 U.S.C. §1987..................................................................................................................................2

The Supreme Court's decision in *Chambers v. Nasco, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) established the contours for when a court may exercise its inherent authority under 28 U.S.C. § 1987 to hold an attorney jointly and severally liable for a fee award imposed on his client. Citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766-67 (1980) for examples of the bad faith conduct that might satisfy such an exacting requirement, the *Chambers* Court warned that "[a] court must of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees."

*Chambers* represents an extreme instance. There, the Court found defendants intentionally withheld information from the Court; continued to abuse the judicial process; defied orders and preliminary injunctions; proceeded with meritless motions and delaying actions; were warned by the court numerous times about being sanctioned; refused to close the sale even after a judgment on the merits; clandestinely removed equipment at issue from the subject; and filed frivolous appeals. *See* 501 U.S. 32, at 38–40. In awarding attorneys' fees, the Court found that the "extraordinary amount of costs and expenses expended in this proceeding were caused ... by the relentless, repeated fraudulent and brazenly unethical efforts of [defendant]." *Id.* at 58.

Here, by contrast, Defendant predicates his insistence that Plaintiff's counsel acted in bad faith on the assumption he "'did not do the requisite research when filing the complaint,' and 'surely [he] should have recognized the absence of merit when preparing the opposition to the motion to dismiss,'" citing *Schleifer v. Berns*, 2017 WL 3084406, *6 (E.D.N.Y. July 19, 2017). But Plaintiff's counsel – an experienced intellectual property litigator and former Cardozo law school Professor of International Copyright Law – had not only done "the requisite research," but had recognized what he perceived to be a logical gap in existing Second Circuit jurisprudence, and had advocated zealously and in good faith to close that gap. That neither this Court nor the Second Circuit accepted counsel's invitation to do so does not render counsel's thoroughly-researched

arguments either unreasonable or made in bad faith.[1]  Notably, neither Defendant nor its counsel previously pursued relief under Rule 11, but only now – faced with an indigent plaintiff – justify the request for a sanction against counsel through the Court's inherent power under 28 U.S.C. §1987.

*Chambers* and its progeny have guided courts within the Second Circuit in the three decades since it was announced.  The court in *Petrello v. White*, 2011 WL 8198105, *5 (E.D.NY. Mar. 3, 2011) examined Second Circuit law on exercising inherent power to "award attorneys' fees pursuant to bad faith conduct."  The *Petrello* Court concluded the exercise requires both "'clear evidence' that the challenged actions 'are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes.'"  *See also Weinberger v. Kendrick,* 698 F.2d 61, 80 (2d Cir.1982) (quoting *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir. 1980)); *see also Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 336 (2d Cir. 1999) ("In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was asserted in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay").   "The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice."  *Sierra Club v. U.S. Army Corps of Engineers,* 776 F.2d 383, 390 (2d Cir. 1985) [(emphasis added)].  Because of this two-pronged analysis, "the bad faith standard is not easily satisfied and sanctions are warranted only in extreme cases."  *McCune v. Rugged Entm't, LLC,* No, 08–CV–2677, 2010 WL 1189390, at *4 (E.D.N.Y. Mar. 29, 2010); *see also Milltex Indus. Corp. v. Jacquard Lace Co.,* 55 F.3d 34, 41 (2d Cir. 1995) ("[W]e will uphold sanctions under the 'bad-faith exception to the American Rule' only when serious misconduct clearly appears on the record").

Earlier this month, in *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 2021 WL 968819, *5 (2d Cir. Mar. 16, 2021) – a case cited by Defendant – the Second Circuit examined a procedural history replete with misrepresentations by counsel.  Looking to *Chambers*, the Court held:  "Because of

---

[1]     The Supreme Court denied certiorari.  But no reasonable attorney, including the undersigned, files a Petition for Certiorari in bad faith.

its potency, however, a court's inherent power 'must be exercised with restraint and discretion.'" *Id.* at \*5 (citing *Chambers*, 501 U.S. at 44). "When it comes to monetary sanctions, that means a court should sanction only 'bad faith, vexatious, or wanton' acts or actions otherwise undertaken for 'oppressive reasons.' *Id.* at \*5 (citing *Chambers*, 501 U.S. at 45–46). Further, the Circuit explained, "[o]ne type of bad faith conduct that is often deserving of sanction is a party's decision to prosecute a knowingly frivolous claim. But as <u>separating frivolous claims from mere zealous advocacy can be difficult</u>, we require courts to make <u>two findings</u> before imposing such sanctions: first, that 'the challenged claim was without a colorable basis' and, second, that 'the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay.'"[2] *Id.* at \*5 (emphasis added) (citing *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012)). We respectfully submit that notwithstanding this Court's conclusion that Plaintiff's arguments lacked a colorable basis, there is no reasonable basis to find that Plaintiff's counsel advanced those arguments in bad faith, vexatiously, wantonly or for oppressive reasons.

In *Sherman, LLC v. DCI Telecommunications, Inc.*, 2003 WL 21692763 (S.D.N.Y. July 21, 2003), District Judge Sand also examined Second Circuit law on the exercise of inherent power under 28 U.S.C. 1987:

> Recognizing that the court's inherent power 'must be exercised with restraint and discretion,' the Second Circuit requires 'clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes' before a fee award under the bad-faith exception may be imposed. There must be 'a high degree of specificity in the factual findings of the lower courts.'[3]

---

[2]    The *Int'l Techs* District Court had cited the standard two-pronged standard "but grafted onto it additional requirements" concerning counsel's misrepresentations. The Second Circuit accepted that "the effect of and number of misrepresentations that a party makes are perfectly acceptable data points for a court to consider in determining whether – and, perhaps more importantly, *what* – sanctions are warranted," but because these had been given dispositive effect by the District Court, the Second Circuit remanded.

[3]    Against that rigorous standard, the *Sherman* Court declined to award fees, finding that conduct by corporate officers and directors who attempted to transfer ownership of a subsidiary to themselves and thereby leave the parent without sufficient assets to satisfy a judgment obtained by a creditor, did not constitute sufficiently bad faith.

*Id.* at *3 (internal citations and quotations omitted).

Like *Int'l Techs. Mktg*., the other cases cited by Defendant to justify a joint and several fee award against Plaintiff's counsel – *Schleifer v. Berns*, 2017 WL 3084406, *5 (E.D.N.Y. July 19, 2017) and *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 362-63 (S.D.N.Y. 2006), and the cases on which *Schleifer* and *Baker* rely – required a finding of extreme bad faith by counsel.

- In *Schleifer*, the court found sufficient bad faith because counsel had clearly <u>not</u> "done the research." It explained: "No reasonable copyright attorney, or even an attorney who had devoted 20 minutes to legal research, would have filed this complaint," and "I cannot comprehend how plaintiff sought statutory damages when he had no copyright registration at the time that defendant published her book." *Schleifer*, 2017 WL 3084406 at *6-7. Overall, the case was riddled with absurd statements of fact and legal ineptitude by plaintiff's counsel.

- In *Baker*, besides finding several false allegations in the complaint, the court concluded that Plaintiff and his counsel acted in bad faith because they ignored 17 U.S.C. §504(b), and in search of a "windfall," "maintained their demand for more than $260,000 in 'actual damages' on a claim that was shown fairly promptly not to be worth more than $3,896." *Baker*, 431 F. Supp. 2d at 358-59.

Plaintiff's counsel, Peter L. Skolnik, is now Of Counsel to Clark Guldin Attorneys at Law, in Montclair, New Jersey. Mr. Skolnik graduated from Cardozo in 1987, and began his legal career at Cravath. While a partner at Lowenstein Sandler, he was invited to teach International Copyright Law at Cardozo, and did so for seven years. As a litigator, he typically *defends* copyright suits and counsels clients on best practices. Mr. Skolnik has represented copyright *plaintiffs* twice. In 1998, he represented the Estate of Vladimir Nabokov in this Court, asserting that the Italian novel "Lo's Diary" infringed the copyright in Nabokov's "Lolita." In 2014, in the District of New Jersey, he represented musician Jason Van Dyke asserting co-ownership of several songs recorded by the popular band, The Lumineers. Both of those suits were resolved satisfactorily.

When Charles – whose prior counsel at Duane Morris had been conflicted out – asked Mr. Skolnik to take over this case pending against three wealthy and powerful defendants, and to do so on a contingency basis, he researched the facts and the law carefully, including the written analysis that Defendants' counsel had sent to Charles and prior counsel. Mr. Skolnik identified two issues, and determined to assert them with conviction and in complete good faith:

- ISSUE ONE: The case is properly about authorship, because under §201, copyright in Charles's contributions vested in him and was never transferred. Seinfeld made no copyrightable contribution and never claimed otherwise until his prior lawyer first asserted Seinfeld's authorship in January 2018, the same month Charles sued. If the case is about authorship, Seinfeld's alleged repudiations did not trigger statute of limitations.
- ISSUE TWO: In no prior Second Circuit case had the statute of limitations been triggered through a repudiation by one who held no authorship interest, making this a case of first impression.

Neither issue gained traction in this Court or the Second Circuit. But that does not make them objectively unreasonable, frivolous, or advanced in bad faith.[4]

Finally, Clark Guldin Attorneys at Law is a small firm with limited resources, in contrast to Defendants and Defendants' counsel's firm. Mr. Skolnik is Of Counsel to Clark Guldin. He is neither a member, nor does he hold an equity interest. While Clark Guldin's financial condition is certainly not as dire as Charles's, an award of even a fraction of the amount sought by Defendants would be devastating and severely affect the firm's ability to function in its present state. If the Court is inclined to hold Clark Guldin liable, then it should grant leave to allow the firm to submit an *in camera* certification and documentation of its financial condition.

---

[4] Plaintiff's counsel would not have taken on the contingency risk against these well-funded defendants had there not been a good faith basis to proceed and succeed. Although this Court rejected the Magistrate Judge's recommendation, it is worth emphasizing that at least one other respected legal mind, after conducting similar research and analyses, concluded that the claims, while ultimately not successful, were not brought in "bad faith" or for an improper purpose.

**Dated**: March 29, 2021

CLARK GULDIN
  Attorneys at Law

By: _/s/ Peter L. Skolnik_____
Peter L. Skolnik (PS 4876)
Of Counsel
    20 Church Street, Suite 15
    Montclair, New Jersey 07042
    (973) 707-5346
    *Attorneys for Plaintiff*
    *Christian Charles*