UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIAN CHARLES,

        Plaintiff,

  v.

JERRY SEINFELD, COLUMBUS 81 PRODUCTIONS, INC., EMBASSY ROW, LLC, COMEDIANS IN CARS, LLC, SONY PICTURES TELEVISION INC., and NETFLIX, INC.,

        Defendants.

No. 18 Civ. 01196 (AJN) (KHP)

**REPLY MEMORANDUM OF LAW OF DEFENDANTS JERRY SEINFELD, COLUMBUS 81 PRODUCTIONS, INC., AND COMEDIANS IN CARS, LLC, ADDRESSING JOINT AND SEVERAL LIABILITY FOR ATTORNEYS' FEES AND COSTS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile:  (212) 351-4035

Dated: April 5, 2021

*Attorneys for Defendants Jerry Seinfeld, Columbus 81 Productions, Inc., Embassy Row, LLC, Comedians in Cars, LLC, Sony Pictures Television Inc., and Netflix, Inc.*

## PRELIMINARY STATEMENT

On March 29, 2021, Plaintiff's counsel filed a surreply to address the Seinfeld Defendants' request to find Plaintiff and his counsel jointly and severally liable for their attorneys' fees and costs. *See* Dkt. No. 155. Plaintiff's counsel does not dispute that he advised his client to file claims that he *knew* were plainly time-barred under controlling Second Circuit precedent. *See* Dkt. No. 151 at 4; *see also* Dkt. No. 150 at 5. Nor does Plaintiff's counsel dispute that Defendants warned him that they would "move for sanctions pursuant to . . . 28 U.S.C. § 1927[] and the Court's inherent authority" if he proceeded to file a Second Amended Complaint ("SAC"). Dkt. No. 125, Ex. C at 5; *see also* Dkt. No. 152 at 4. This conduct is "plainly serious enough to support a discretionary award of sanctions" holding Plaintiff's counsel jointly and severally liable for an award of attorneys' fees. *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 2021 WL 968819, at *5 (2d Cir. Mar. 16, 2021).

## ARGUMENT

**I.     Plaintiff's Counsel Misstates The Record And Misapprehends The Law.**

Plaintiff's counsel says that imposing a "joint and several fee award against Plaintiff's counsel . . . require[s] a finding of *extreme* bad faith by counsel." Dkt. No. 155 at 4 (emphasis added). No such finding is required. Rather, the Second Circuit recently elucidated "that the *only* prerequisites to a district court imposing monetary sanctions under its inherent power is that a party advanced a colorless claim and did so for improper reasons." *Int'l Techs. Mktg.*, 2021 WL 968819, at *6 (emphasis added). Those elements are readily met here.

As the Court found, Plaintiff and his counsel "lacked a reasonable legal basis for [their] claims," but filed their "opportunistic" lawsuit anyway. Dkt. No. 150 at 8. This is a paradigm case where "the prospect of a huge payday [] entice[d] litigants to pursue claims with little to no merit." *Id*. That is the precise conduct that warrants monetary sanctions under a court's inherent

1

power and Section 1927.  The attempt by Plaintiff's counsel to distinguish the authority cited by the Seinfeld Defendants only underscores this point.  Plaintiff's counsel correctly recounts that the court in *Baker v. Urban Outfitters, Inc.* "concluded that Plaintiff and his counsel acted in bad faith because . . . in search of a 'windfall,' [they] 'maintained their demand' . . . on a claim that was shown fairly promptly [] to be worth [a de minimus amount]." Dkt. No. 155 at 4 (quoting 431 F. Supp. 2d 351, 358 (S.D.N.Y. 2006)).  Similarly, here, the "prospect of a huge payday" after Mr. Seinfeld "signed a lucrative distribution deal with Netflix" motivated Plaintiff and his counsel to pursue meritless claims that Defendants repeatedly warned were clearly time-barred. *See* Dkt. No. 150 at 8.

This case is also similar to *Schleifer v. Berns*, which Plaintiff's counsel argues was "riddled with absurd statements of fact and legal ineptitude by plaintiff's counsel." Dkt. No. 155 at 4.  The same is true here.  Plaintiff "all but concedes that controlling Second Circuit precedent squarely foreclosed his claims." Dkt. No. 150 at 5.  Simply put, "[n]o *reasonable* copyright attorney, or even an attorney who had devoted 20 minutes to legal research, would have filed this complaint." *Schleifer v. Berns*, 2017 WL 3084406, at *6 (E.D.N.Y. July 19, 2017) (emphasis added).  The attempt by Plaintiff's counsel to distinguish *Schleifer* by touting his professional experience and saying he *did* "the requisite research," Dkt. No. 155 at 1, only further compels an imposition of sanctions.  "In view of the clear case law precluding the [copyright] claim and of [counsel's] prior experience with and knowledge of this point of law, it was unreasonable and vexatious for him to" file the SAC.  *Baker*, 431 F. Supp. 2d at 364; *see also Schleifer*, 2017 WL 3084406, at *6 ("[S]teadfast adherence to an untenable legal position . . . and far-fetched arguments to this Court rise to a level of bad faith that compels the imposition of attorney's fees on both plaintiff and his attorneys.").

Plaintiff's counsel argues that he did not assert claims in bad faith because "[t]his case is properly about authorship" and "[i]n no prior Second Circuit case had the statute of limitations been triggered through a repudiation by one who held no authorship interest, making this a case of first impression." Dkt. No. 155 at 5. Both of these arguments lack any merit. *First*, as the Court found, Plaintiff's counsel's repeated attempts to "recast [Plaintiff's] claim as one about authorship rather than ownership . . . is nothing more than an attempt to substitute jargon for substance." Dkt. No. 150 at 6. *Second*, his claim that Mr. Seinfeld has no authorship interest is absurd; it is belied by the allegations in the SAC, which describe Mr. Seinfeld as a partner in developing the Show and even assert a *joint* authorship claim. *See* Dkt. No. 70 ¶¶ 49, 118–129. And this was hardly a case of first impression. As the Court found, *Kwan v. Schlein*, 634 F.3d 224 (2d Cir. 2011), "[t]he Second Circuit's foundational case on claim accrual for ownership claims[,] involved *nearly identical facts* . . . [in which] the plaintiff in that case, like Charles, claimed that she was 'the author and therefore owner of the copyright.'" Dkt. No. 150 at 6 (emphasis added).

Contrary to his spurious justifications, the record is clear that Plaintiff's counsel, operating on a contingency fee, "maintained this suit in an attempt to extract a significant payment from perceived 'deep pocketed' defendants." *Baker*, 431 F. Supp. 2d at 358. The judicial process should not be a vehicle for such abusive and opportunistic conduct. This is a paradigm case for the exercise of the Court's inherent power.

## CONCLUSION

For the foregoing reasons, this Court should hold Plaintiff's counsel jointly and severally liable for the Seinfeld Defendants' requested award of $973,858.37 in fees and costs.

Dated: New York, New York
      April 5, 2021

Respectfully Submitted,

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Orin Snyder

Orin Snyder
David M. Kusnetz
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile:  (212) 351-4035
osnyder@gibsondunn.com
dkusnetz@gibsondunn.com

*Attorneys for Defendants Jerry Seinfeld, Columbus 81 Productions, Inc., Embassy Row, LLC, Comedians in Cars, LLC, Sony Pictures Television Inc., and Netflix, Inc.*